UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DEUTSCHE BANK TRUST COMPANY AMERICAS, in its capacity as successor indenture trustee for certain series of Senior Notes, LAW DEBENTURE TRUST COMPANY OF NEW YORK, in its capacity as successor indenture trustee for certain series of Senior Notes, and WILMINGTON TRUST COMPANY, in its capacity as successor indenture trustee for the PHONES Notes,

Plaintiffs,

vs.

TAYLOR, et al.,

Defendants.

Civil Action No.
1:11-CV-10982-NMG

## [PROPOSED] ORDER

This 2d day of Nov., 2011, upon consideration of Plaintiffs' Motion to Modify Stay Order and Memorandum of Law in Support, it is hereby ORDERED that the motion is GRANTED and:

1. The Stay shall continue until further Order by the United States Bankruptcy Court for the District of Delaware in *In re Tribune Co.*, No. 08-13141 (KJC) or further order of this Court (the "Stay"). In addition, any applicable deadlines under Federal Rules of Civil Procedure 23 or 26 (or their local counterparts) will also be held in abeyance during the pendency of the Stay.

2. Notwithstanding the Stay, Plaintiffs are permitted to:

    a. move for leave to amend the Complaint;

Case 1:11-cv-10982-NMG   Document 124   Filed 11/02/11   Page 2 of 3
Case 1:11-cv-10982-NMG   Document 118-1   Filed 10/24/11   Page 2 of 3

    b. ~~voluntarily dismiss this action or one or more defendants pursuant to~~ Federal Rule of Civil Procedure 41;

    c. move to add or drop a party or to sever any claim against a party pursuant to Federal Rule of Civil Procedure 21;

    d. move to consolidate and/or coordinate this action with any other action;

    e. file a motion pursuant to Federal Rule of Civil Procedure 26(d)(1) seeking preconference discovery that may be necessary solely for the purpose of preventing applicable statutes of limitation or other time-related defenses from barring any state law constructive fraudulent conveyance claims against any former Tribune shareholder to recover stock redemption/purchase payments made to such shareholders in connection with the 2007 Tribune LBO;

    f. file one or more motions for additional time beyond the initial 120 days provided under Federal Rule of Civil Procedure 4(m) to complete service of process; and

    g. file a motion seeking modification of this Order.

3. Notwithstanding the Stay, all Defendants or their counsel, who have not previously done so, are required to enter an appearance in this case within 30 days after the ~~latter~~ **date** [NMG] of entry of this Order or service of the Complaint upon Defendant, without prejudice to any defenses that Defendant may have; and

4. Notwithstanding the Stay, Defendants are permitted to file responses to any motions Plaintiffs make pursuant to section 2 of this Order.

5. Notwithstanding the Stay, any Defendant who was not provided with notice of

Plaintiffs' motion prior to entry of this Order, because such defendant had not yet been served with the Complaint or appeared in the action, may move this Court at any time to vacate or modify this Order upon notice to Plaintiffs and all other Defendants in this action.

6. At such time as the Stay is lifted or terminates, this Court shall set the schedule for answering or otherwise responding to the Complaint, unless the action has been transferred to another court for coordinated pretrial proceedings.

BY THE COURT:

_____
Nathaniel M. Gorton, J.

7. *During the pendency of this stay, the parties will file a status report on Jan 31, 2012, and every 90 days thereafter until further order of this Court.*

56916.0/517941.1